**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PETER KOBOR, individually and on behalf
of all others similarly situated,

                      Plaintiff,           1:23-CV-1392
    v.                                       (MAD/DJS)

SKIDMORE COLLEGE,

                      Defendant.
_____

MARY COGAN, individually and on behalf
of all others similarly situated,

                      Plaintiff,           1:23-CV-1409
    v.                                       (MAD/DJS)

SKIDMORE COLLEGE,

                      Defendant.
_____

## ORDER

     Presently pending is Plaintiff Kobor's Motion to Consolidate these cases and Appoint Interim Class Counsel ("Motion"). *Kobor* Dkt. No. 6. Defendant does not oppose consolidation, but takes no position on appointment of class counsel. *Kobor* Dkt. No. 14. The Complaint in each action involves some of the same issues of fact and law, growing out of the same alleged data breach involving Defendant Skidmore College. Upon review of the Complaints and the papers in support of the present Motion, the Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not

outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact and consolidation does not increase the risk of an unfair outcome, it is

**ORDERED**, that the Motion to consolidate is **GRANTED**. The *Kobor* case shall be designated as the lead case and the *Cogan* case designated as a member case; and it is further

**ORDERED**, that

1. The Court hereby appoints William B. Federman of Federman & Sherwood and Philip J. Krzeski of Chestnut Cambronne PA as interim co-lead class counsel to act on behalf of the Plaintiffs and the putative Class with the responsibilities set forth below:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

    d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

    e. Delegate tasks to other Plaintiffs' counsel as needed and appropriate in a

manner to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

j. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

2. The Court hereby appoints John Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC as interim liaison counsel with the responsibilities set forth below:

a. Maintain and distribute to co-counsel and to Defendant's liaison counsel an up to-date service list;

b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

d. Establish and maintain a document depository; and

e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by lead interim class counsel.

3. This Order shall apply to any action filed in, transferred to, or remanded to this Court which relates to the subject matter at issue.

4. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Amended Complaint ("CAC") within 45 days of this Order.

**IT IS SO ORDERED**.

Date: December 14, 2023
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge