## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER KOBOR, individually and on behalf of all others similarly situated, | Case No. 1:23-CV-01392-MAD-DJS |
| Plaintiff, | |
| v. | |
| SKIDMORE COLLEGE, | |
| Defendant. | |
| MARY COGAN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:23-CV-01409-MAD-DJS |
| v. | |
| SKIDMORE COLLEGE, | |
| Defendant. | |

**DECLARATION OF ANNE-MARIE MARRA OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, ANNE-MARIE MARRA, declare as follows:

1.      I am employed as a Program Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our corporate office address is 3194-C Airport Loop Dr., Costa Mesa, CA 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself. I have personal knowledge of the information set forth herein.

2.      Simpluris has been executing notice plans and administering class action settlements since 2007.  In that time, we have been appointed in over 9,000 cases and distributed over $8 billion in funds.  Our leadership team has over 100 years of combined industry experience that includes some of the largest class action administrations in the United States, including *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.) and *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.).

DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND
SETTLEMENT ADMINISTRATION

Additional representative cases include *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791 (C.D. Cal.); *Orellana v. Planned Parenthood of Los Angeles*, Case No. 21STCV44106, Cal. Sup. Ct. (Los Angeles); *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego); *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda); *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles); *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara); *Starke v. Stanley Black & Decker Inc.*, Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore); and *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.).

3. Simpluris was approved by Counsel for both Parties and appointed by the Court in the Order Granting Preliminary Approval of the Settlement, Provisionally Certifying the Proposed Class, Appointing Class Counsel, Directing Notice to the Potential Class, and Setting a Hearing on Final Approval ("Preliminary Approval Order") entered on March 28, 2025, to provide settlement administration services in this settlement. In this capacity, Simpluris was charged with the following:

a. Establishing and maintaining a settlement-specific website (www.SkidmoreSettlement.com);

b. Establishing and maintaining a settlement-specific toll-free phone number (1-833-296-0880), offering the opportunity to listen to frequently-asked questions, or to speak with a representative;

c. Establishing a P.O. Box to receive undeliverable Notices, paper Claim Forms, requests for exclusion, objections to the proposed settlement, and any other correspondence submitted by Settlement Class members;

d. Emailing, or printing and mailing, as needed, a Short /Long Form Notice to known Settlement Class members;

e. Receiving and processing Settlement Class Members' requests for exclusion from the proposed settlement and objections to the proposed settlement;

f.   Receiving, processing, and validating Settlement Class Members' Claim Forms, whether submitted online or by mail;

g.   Processing and issuing payments via check or electronic payment to eligible Settlement Class Members, and sending payments to the Settlement Class Representative(s) and Settlement Class Counsel;

h.   Providing counsel for the Parties with weekly status reports; and

i.   Other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

### CAFA NOTIFICATION

4.     On September 6, 2024, pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C.A. § 1715, Simpluris completed a mailing that informed the appropriate state and federal Attorneys General about the Settlement. Attached hereto as **Exhibit A** is a true and correct copy of the letter sent to the Attorneys General and the list of recipients.

### EMAILED AND MAILED NOTICE

5.     Pursuant to the Preliminary Approval Order, Simpluris formatted the Postcard and Long Form Notice, Claim Form and Exclusion Form to be sent by email or mail, as needed. The Postcard Notice, Long Form Notice and Claim Form were formatted to be made available on the Settlement website.

6.     The Notices advised Settlement Class members of their right to make a claim, request exclusion from the settlement, object to the settlement, or do nothing, and the implications of each such action. The Notices advised Settlement Class members of applicable deadlines and other events, including the Final Approval Hearing, and how Settlement Class members could obtain additional information.

7.     On April 2, 2025, Counsel for Defendant provided Simpluris with the Class List containing 12,143 known Settlement Class members' names, and mailing addresses. On April 8, 2025, Counsel for Defendant provided Simpluris with a supplemental Class List containing email addresses for 7,660 of the known Settlement Class members.

DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION

8.      Upon receipt of the Class List, Simpluris "scrubbed" the data to ensure it was in proper format for distributing the Notice via U.S. Mail. In an effort to ensure that the Notice would be delivered to class members, Simpluris compared the address data against the United States Postal Service ("USPS") National Change of Address ("NCOA") database and updated the data to a Settlement-specific database with the changes received from NCOA. After scrubbing the data, Simpluris removed 13 duplicative entries, resulting in a final list of 12,130 unique Settlement Class Members.

9.      On May 12, 2025, Simpluris emailed a Short Form Notice ("Email Notice") to the 6,649 members in the Class List with valid email addresses. After accounting for emails that "bounced-back," an email notice was successfully delivered to at least one email address for 6,632 Class Members. Attached hereto as **Exhibit B** is the Email Notice sent to Class Members.

10.     On May 12, 2025, Simpluris mailed the Short Form Notice ("Postcard Notice") to the 5,481 unique Settlement Class Members in the Class List without valid email addresses. Attached hereto as **Exhibits C through E** are true and correct copies of the Postcard Notice, Long Form Notice, and Claim Form, respectively. On May 19, 2025, Simpluris mailed the Postcard Notice to the 17 Class Members whose Email Notice was returned as undeliverable.

11.     As of July 25, 2025, 944 Postcard Notices were returned to Simpluris by the post office. For the Postcard Notices returned without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate a more current address. Of the 944 returned Postcard Notices, 834 Postcard Notices were re-mailed to either a newfound address or with forwarding addresses provided by USPS. The remaining 110 Postcard Notices were undeliverable because no other address was available.

12.     As of July 25, 2025, 12,020 Settlement Class Members have received either an Email Notice or Postcard Notice, which has not been returned as undeliverable, resulting in 99.1% direct reach, however this number may change during the Claim filing period.

DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND
SETTLEMENT ADMINISTRATION

**REMINDER EMAIL**

13.     On July 28, 2025, Simpluris will send a Reminder Email to 6,593 Class Members who had not responded to the Email Notice by submitting a Claim Form or a Request for Exclusion, and whose initial Email Notice was not undeliverable. Attached hereto as **Exhibit F** is a true and correct copy of the Reminder Email.

**WEBSITE AND TELEPHONE NUMBER**

14.     Simpluris prepared and maintains a Settlement website, www.SkidmoreSettlement.com, that includes important dates and deadlines, and Settlement-related documents, such as the Settlement Agreement. An online Claim Form module was also active during the Claim Period. An online Opt-Out module was also active prior to the Opt Out deadline. The website has been available to the public since May 9, 2025. As of July 25, 2025, the website has been visited by 494 unique visitors with 1,554 page views.

15.     A settlement specific toll-free telephone number was included in the Email and Postcard Notice and on the Settlement Website for the purpose of allowing the Settlement Class Members to make inquiries regarding the Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process. Callers have the option to speak with a live call center representative during normal business hours. The toll-free telephone number included in both forms of the Notice was (833) 296-0880. This number is active and has been available to the public since May 8, 2025. As of July 25, 2025, the settlement specific toll-free telephone number has received 12 phone calls, with 8 of those calls routed to live agents.

**REQUESTS FOR EXCLUSION AND OBJECTIONS**

16.     The postmark deadline for Settlement Class Members to submit a request for exclusion ("Opt Out") from the proposed Settlement or to object to the proposed Settlement was July 11, 2025.

17.     As of July 25, 2025, Simpluris has received three (3) requests for exclusion from the proposed Settlement from Settlement Class Members. Attached hereto as **Exhibit G** are true and correct copies of the Opt Outs.

DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND
SETTLEMENT ADMINISTRATION

18.    As of July 25, 2025, Simpluris has received zero (0) objections to the proposed Settlement from Settlement Class Members.

## CLAIM FORMS RECEIVED AND PROCESSED

19.    The deadline to file a Claim form is August 11, 2025. As of July 25, 2025, Simpluris has received a total of 91 Claim Forms, representing 0.75% of the total Settlement Class who received direct notice.

20.    Claim Form processing is ongoing.  As the deadline to file a Claim Form has not yet passed, it is expected that the total number of submitted and valid claims will increase.

## ADMINISTRATION COSTS

21.    Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, will be $21,737.


I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 25th day of July, 2025, in Seattle, Washington.

*Anne-Marie Marra*
_____
ANNE-MARIE MARRA

DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND
SETTLEMENT ADMINISTRATION

# EXHIBIT A



Date: September 6, 2024

Re:     **Kobor v. Skidmore College**
        **Case Number: 1:23-cv-01392-MAD-DJS**
        **Court: United States District Court for the Northern District of New York**
        **Notice of Proposed Settlement**

Dear Mr./Madam Attorney General:

Defendant Skidmore College provides this notice pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. The parties to the above-referenced class action have reached a proposed class settlement as to all persons who were sent written notification by Skidmore that their Private Information was potentially compromised as a result of the Incident discovered by Skidmore in February 2023. Settlement Class Members can make a claim for reimbursement of documented out-of-pocket losses incurred as a result of the Security Incident up to $3,500 per Settlement Class Member, and/or Credit Monitoring.

Pursuant to 28 U.S.C. § 1715(b), please visit the website link listed below to view documents which contain of all the necessary information regarding the proposed Settlement.   The documents available on the website are listed below.

**Document Site: https://transfer.simpluris.com/link/tDh2eyVJVP7SXmk6mjQpXi**

**Available Documents:**     **Exhibit A – Class Action Complaint (Kobor)**
                             **Exhibit B – Class Action Complaint (Cogan)**
                             **Exhibit C – Consolidated Class Action Complaint**
                             **Exhibit D - Settlement Agreement**
                             **Exhibit E – [Proposed] Preliminary Approval Order**
                             **Exhibit F – Long Form Notice**
                             **Exhibit G – Claim Form**
                             **Exhibit H – Postcard Notice**
                             **Exhibit I – Number of Estimated Settlement Class Members Residing in Each State**

The remaining items required under 28 U.S.C. § 1715(b) are included below:

On August 28, 2024, Plaintiffs filed an Unopposed Motion for Preliminary Approval. The Court has not yet ruled on Plaintiffs' Motion for Preliminary Approval. The Court has not scheduled a hearing on Plaintiff's Motion for Preliminary Approval or the Final Approval Hearing.  The Court has not yet entered a Final Judgment or notice of dismissal. Accordingly, no such documents are presently available.

The definition of the Settlement Class in the proposed Settlement Agreement means all persons who were sent written notification by Skidmore that their Private Information was potentially compromised as a result of the Incident discovered by Skidmore in February 2023.

At this juncture, it is not feasible to provide the name and state of residence or the estimated proportionate share of the claims for each of the estimated Settlement Class Members covered by the proposed settlement. However, pursuant to Section (b)(7)(B), Skidmore College provides the attached current estimate of the number of Settlement Class Members residing in each state as **Exhibit I.**

The proportionate share of the settlement amount that each Settlement Class Member is eligible to receive is dependent upon certain matters to be determined by the Court at the Final Approval Hearing (including, for example, the amount of the attorneys' fees and litigation costs, if any, to award to Class Counsel and the amount of any Service Awards to Class



Representatives), whether certain Settlement Class Members cannot be located, and certain other matters that will not be known until the time of the Final Approval Hearing (including, for example, the number of class members that request exclusion from the *Kobor v Skidmore College* Action).

There has been no written judicial opinion.

For additional information about this Settlement, please contact:

| Settlement Administrator: | Class Counsel: | Defense Counsel: |
|---|---|---|
| Simpluris, Inc.<br>3194 Airport Loop Dr., Ste. C<br>Costa Mesa, CA 92663 | John J. Nelson<br>Milberg Coleman Bryson Phillips Grossman PLLC<br>402 W. Broadway, Suite 1760<br>San Diego, CA 92101<br>Telephone: 858.209.6941<br>Email: jnelson@milberg.com<br><br>Philip J. Krzeski<br>Chestnut Cambronne PA<br>100 Washington Avenue S, Suite 1700<br>Minneapolis, MN 55401<br>Telephone: 612.339.7300<br>Email: pkrzeski@chestnutcambronne.com<br><br>William B. Federman<br>Federman & Sherwood<br>10205 N Pennsylvania Avenue<br>Oklahoma City, OK 73120<br>Telephone: 405.235.1560<br>Email: wbf@federmanlaw.com | Robyn M. Feldstein<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone: 212.589.4200<br>Fax: 212.589.4201<br>Email: rfeldstein@bakerlaw.com<br><br>Casie D. Collignon<br>Baker & Hostetler LLP<br>1801 California Street, Suite 4400<br>Denver, CO 80202<br>Telephone: 303.861.0600<br>Fax: 303.861.7805<br>Email: ccollignon@bakerlaw.com |

Materials filed in this action can be obtained through PACER, which is accessible at https://www.pacer.uscourts.gov/file-case/court-cmecf-lookup.

Regards,
Anne-Marie Marra
Program Manager, Client Services

Anne-Marie.Marra@simpluris.com

| List of Recipients of CAFA Notice | | | | | | | |
|---|---|---|---|---|---|---|---|
| Office Name | Individual Name | Address 1 | Address 2 | City | State | Zip | Method |
| Office of the Attorney General | Treg Taylor | 1031 West 4th Avenue, Suite 200 | | Anchorage | AK | 99501-1994 | Email |
| Office of the Attorney General | Steve Marshall | 501 Washington Avenue | P.O. Box 300152 | Montgomery | AL | 36130-0152 | Mail |
| Office of the Attorney General | Tim Griffin | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 | Mail |
| Attorney General's Office | Fainu'ulelei Falefatu Ala'ilima-Utu | American Samoa Gov't, Exec. Ofc. Bldg. | Utulei, Territory of American Samoa | Pago Pago | AS | 96799 | Mail |
| Office of the Attorney General | Kris Mayes | 2005 N. Central Avenue | | Phoenix | AZ | 85004-2926 | Mail |
| Office of the Attorney General | Rob Bonta | 1300 I Street, Suite 1740 | | Sacramento | CA | 95814 | Mail |
| | CAFA Coordinator | Office of the Attorney General, Consumer Protection Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 | Mail |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 | Mail |
| Office of the Attorney General | William Tong | 165 Capital Avenue | | Hartford | CT | 06106 | Mail |
| Office of the Attorney General | Merrick Garland | U.S. Department of Justice | 950 Pennsylvania Avenue NW | Washington | DC | 20530-0001 | Mail |
| Office of the Attorney General | Brian Schwalb | 400 6th Street NW | | Washington | DC | 20001 | Mail |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N. French Street | Wilmington | DE | 19801 | Mail |
| Office of the Attorney General | Ashley Moody | The Capitol PL 01 | | Tallahassee | FL | 32399-1050 | Email |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334-1300 | Mail |
| Office of the Attorney General | Douglas Moylan | ITC Building | 590 S Marine Corps Drive, Ste. 706 | Tamuning | GU | 96913 | Mail |
| Department of the Attorney General | Anne E. Lopez | 425 Queen St | | Honolulu | HI | 96813-2903 | Mail |
| Iowa Attorney General | Brenna Bird | Hoover State Office Bldg | 1305 E.Walnut St. | Des Moines | IA | 50319 | Mail |
| Office of the Attorney General | Raúl Labrador | 700 W. Jefferson Street, Ste. 210 | PO Box 83720 | Boise | ID | 83720-1000 | Mail |
| Office of the Attorney General | Jasmine Ramos-Rojas | James R. Thompson Center | 100 W Randolph St | Chicago | IL | 60601 | Email |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W. Washington Street, 5th Floor | Indianapolis | IN | 46204 | Mail |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Avenue, 2nd Floor | | Topeka | KS | 66612-1597 | Mail |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Capitol Building, Suite 118 | Frankfort | KY | 40601 | Mail |
| Office of the Attorney General | Jeff Landry | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 | Mail |
| Office of the Attorney General | Andrea Campbell | ATTN: CAFA Coordinator/General Counsel's Office | One Ashburton Place | Boston | MA | 02108 | Mail |
| Office of the Attorney General | Anthony G. Brown | 200 St. Paul Place | | Baltimore | MD | 21202-2202 | Mail |
| Office of the Attorney General | Aaron Frey | State House Station 6 | | Augusta | ME | 04333 | Mail |
| Department of the Attorney General | Dana Nessel | 525 W. Ottawa Street | P.O. Box 30212 | Lansing | MI | 48909-0212 | Mail |
| Office of the Attorney General | Keith Ellison | Suite 102, State Capital | 75 Dr.  Martin Luther King, Jr. Blvd. | St. Paul | MN | 55155 | Mail |
| Missouri Attorney General's Office | Andrew Bailey | Supreme Ct Bldg. | 207 W. High Street | Jefferson City | MO | 65101 | Mail |
| Office of the Attorney General | Edward Manibusan | Administration Building | P.O. Box 10007 | Saipan | MP | 96950-8907 | Mail |
| MS Attorney General's Office | Lynn Fitch | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 | Mail |
| Office of the Attorney General | Austin Knudsen | Justice Bldg. | 215 N. Sanders | Helena | MT | 59620-1401 | Mail |
| Attorney General's Office | Josh Stein | 9001 Mail Service Center | | Raleigh | NC | 27699-6400 | Mail |
| Office of the Attorney General | Drew Wrigley | State Capitol | 600 E. Boulevard Ave. | Bismarck | ND | 58505-0040 | Mail |
| Nebraska Attorney General | Mike Hilgers | State Capitol | PO Box 98920 | Lincoln | NE | 68509-8920 | Mail |
| Office of the Attorney General | John Formella | 33 Capitol St. | | Concord | NH | 03301 | Mail |
| Office of the Attorney General | Matthew J. Platkin | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 | Mail |
| Office of the Attorney General | Raul Torrez | PO Drawer 1508 | | Santa Fe | NM | 87504-1508 | Mail |
| Office of the Attorney General | Aaron D. Ford | Old Supreme Ct. Bldg. | 100 N. Carson St. | Carson City | NV | 89701 | Email |
| Office of the Attorney General | Letitia James | CAFA Coordinator, Office of the Attorney General | 28 Liberty Street, 15th Floor | New York | NY | 10005 | Mail |
| Office of the Attorney General | Dave Yost | State Office Tower | 30 E. Broad Street, 14th Floor | Columbus | OH | 43215 | Mail |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st Street | | Oklahoma City | OK | 73105 | Mail |
| Office of the Attorney General | Ellen F. Rosenblum | Justice Bldg. | 1162 Court Street NE | Salem | OR | 97301 | Mail |
| Office of the Attorney General | Michelle A. Henry | Pennsylvania Office of Attorney General | 16th Floor, Strawberry Square | Harrisburg | PA | 17120 | Mail |
| PR Department of Justice | Domingo Emanuelli Hernández | P.O. Box 9020192 | | San Juan | PR | 00902-0192 | Mail |

**List of Recipients of CAFA Notice**

| Office Name | Individual Name | Address 1 | Address 2 | City | State | Zip | Method |
|---|---|---|---|---|---|---|---|
| Office of the Attorney General | Peter F. Neronha | 150 S. Main Street | | Providence | RI | 02903 | Mail |
| Office of the Attorney General | Alan Wilson | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 | Mail |
| Office of the Attorney General | Marty Jackley | 1302 E. Highway 14, Suite 1 | | Pierre | SD | 57501-8501 | Mail |
| Office of the Attorney General | Jonathan Skrmetti | 425 5th Avenue North | | Nashville | TN | 37243 | Mail |
| Office of the Attorney General | Ken Paxton | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 | Mail |
| Office of the Attorney General | Sean Reyes | Utah State Capitol Complex | 350 North State Street, Suite 230 | Salt Lake City | UT | 84114-2320 | Mail |
| Office of the Attorney General | Jason Miyares | 202 North Ninth Street | | Richmond | VA | 23219 | Mail |
| Office of the Attorney General | Carol Thomas-Jacobs | 34-38 Kronprindsens Gade | GERS Building, 2nd Floor | St Thomas | VI | 00802 | Mail |
| Office of the Attorney General | Charity R. Clark | 109 State St | | Montpelier | VT | 05609-1001 | Mail |
| Office of the Attorney General | Bob Ferguson | 1125 Washington Street SE | P.O. Box 40100 | Olympia | WA | 98504-0100 | Email |
| Office of the Attorney General | Joshua Kaul | State Capitol, Room 114 East | P.O. Box 7857 | Madison | WI | 53707-7857 | Mail |
| Office of the Attorney General | Patrick Morrisey | State Capitol | 1900 Kanawha Blvd. E. | Charleston | WV | 25305 | Mail |
| Office of the Attorney General | Bridget Hill | 109 State Capitol | 200 W. 24th St. | Cheyenne | WY | 82002 | Mail |

# EXHIBIT B

**From:**           Skidmore Settlement Administrator <noreply@skidmoresettlement.com>
**Sent:**           Monday, May 12, 2025
**To:**
**Subject:**        Kobor, et al v. Skidmore College Settlement Notice

Unique ID:
PIN:

## LEGAL NOTICE

*Kobor, et al v. Skidmore College*
Northern District of New York
Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y)
**If you were notified of a cybersecurity incident in or around September 15, 2023 by Skidmore College, you may be eligible for benefits from a class action settlement.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
**Please read this notice carefully and completely.**

A proposed Settlement has been reached with Defendant Skidmore College ("Defendant") related to a cybersecurity incident (the "Incident"). The lawsuit, which is pending in the U.S. District Court for the Northern District of New York, alleges that Defendant did not adequately protect certain personal information. Defendant denies any wrongdoing. No judgment or determination of wrongdoing has been made.

***Who is Included?*** Records indicate you are included in this Settlement as a Class Member. The Class includes the U.S. residents who were notified in or around September 15, 2023, via either written or substitute notice, that their personal information may have been involved in the Incident.

***What does the Settlement Provide?*** The Settlement provides reimbursement for Attested Lost Time spent addressing issues related to the Incident (up to 4 hours at $20.00/hour, but only if at least one (1) full hour was spent addressing issues related to the Incident), reimbursement for Documented Out-of-Pocket Expenses related to the Incident (up

to $3,500.00 per person), and two years of credit monitoring; attorneys' fees and expenses; and Costs of Notice and Claims Administration.

ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF VALID CLAIMS.

***How To Get Benefits:*** You must submit a claim form, including any required documentation. The deadline to file a Claim Form is **August 11, 2025**. You can easily file a claim online at www.SkidmoreSettlement.com. You can also get a paper claim form at the website or by calling toll free 1-833-296-0880, and file by mail. When filing your claim use your Unique ID and PIN (listed on the top of this notice).

***Your Other Options:*** If you file a Claim Form, object to the Settlement and/or attorneys' fees and expenses, or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue, or be part of any other lawsuit against Defendant arising out of the Incident. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **July 11, 2025**. If you do not exclude yourself, you may object to the Settlement and/or attorneys' fees and expenses by **July 11, 2025.** The Court has scheduled a hearing in this case for **August 11, 2025**, to consider whether to approve the Settlement and attorneys' fees and expenses, as well as any objections.

For complete information about all of your rights and options, as well as claim forms, the Long Form Notice and Settlement Agreement, visit www.SkidmoreSettlement.com or call 1-833-296-0880.

If you do not wish to receive future emails, click here.

# EXHIBIT C

*Kobor, et al v. Skidmore College*
*c/o Settlement Administrator*
*P.O Box 26170*
*Santa Ana, CA 92799*

PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID
SIMPLURIS INC

## COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

*Kobor, et al v. Skidmore College*, Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y)

**IF YOU WERE NOTIFIED OF A CYBERSECURITY INCIDENT IN OR AROUND SEPTEMBER 15, 2023 BY SKIDMORE COLLEGE, YOU MAY BE ELIGIBLE FOR BENEFITS FROM A CLASS ACTION SETTLEMENT.**

A proposed Settlement has been reached with Defendant Skidmore College ("Defendant") related to a cybersecurity incident (the "Incident"). The lawsuit, which is pending in the U.S. District Court for the Northern District of New York, alleges that Defendant did not adequately protect certain personal information. Defendant denies any wrongdoing. No judgment or determination of wrongdoing has been made.

**Who is Included?** Records indicate you are included in this Settlement as a Class Member. The Class includes the U.S. residents who were notified in or around September 15, 2023, via either written or substitute notice, that their personal information may have been involved in the Incident.

**What does the Settlement Provide?** The Settlement provides reimbursement for attested lost time in addressing issues related to the Incident (up to 4 hours at $20.00/hour, but only if at least one (1) full hour was spent addressing issues related to the Incident), reimbursement for Out-of-Pocket Expenses related to the Incident (up to $3,500.00 per person), and two years of credit monitoring; attorneys' fees and expenses; and costs of notice and administration. ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF VALID CLAIMS.

**How To Get Benefits**: You must submit a Claim Form, including any required documentation. The deadline to file a Claim Form is August 11, 2025. You can easily file a claim online at www.SkidmoreSettlement.com. You can also get a paper claim form at the website or by calling toll free 1-833-296-0880, and file by mail. When filing your claim, use your Unique ID and PIN (printed on the back of this notice).

**Your Other Options**: If you file a Claim Form, object to the Settlement and/or attorneys' fees and expenses, or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue, or be part of any other lawsuit against Defendant arising out of the Incident. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **July 11, 2025**. If you do not exclude yourself, you may object to the Settlement and/or attorneys' fees and expenses by **July 11, 2025**. The Court has scheduled a hearing in this case for **August 11, 2025**, which may be held remotely, to consider whether to approve the settlement and attorneys' fees and expenses, as well as any objections. For complete information about all of your rights and options, as well as Claim Forms, the Long Form Notice and Settlement Agreement, visit www.SkidmoreSettlement.com or call 1-833-296-0880.

**For more information, call toll-free 833-296-0880, visit www.SkidmoreSettlement.com, or scan the QR code to read the detailed Notice.**

# EXHIBIT D

# If you were notified of a cybersecurity incident in or around September 15, 2023, by Skidmore College, you may be eligible for benefits from a class action settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement has been proposed (the "Settlement" or "Settlement Agreement") with Skidmore College ("Defendant") in a class action lawsuit arising out of a security incident impacting Defendant (the "Incident").  The Settlement provides benefits as described in this notice.  If you are a Settlement Class Member, there are benefits available to you from the proposed settlement. The settlement includes all persons residing in the United States who were notified in or around September 15, 2023, via either written or substitute notice, that their Private Information may have been involved in the cybersecurity Incident.  **The easiest way to submit a claim under the Settlement is online at www.SkidmoreSettlement.com.**

The settlement provides payments and other benefits to people who submit valid claims for lost time, certain documented out-of-pocket expenses, and credit monitoring services. More specifically, the settlement relief includes:

- <u>Reimbursement for Attested Lost Time</u>: If you spent time addressing issues relating to the cybersecurity Incident, you can make a claim for reimbursement for up to 4 total hours of time at a rate of $20.00/hour, but only if at least one (1) full hour was spent dealing with the Incident. To submit a Valid Claim, you must represent that the time and/or effort spent was incurred as a result of the cybersecurity Incident.

  Settlement Class Members may also seek reimbursement for up to four (4) additional hours if sufficiently documented (calculated at the rate of $20 per hour).  Settlement Class Members may receive up to four (4) hours of additional lost time if the Settlement Class Member: (i) attests that any claimed lost time was spent responding to issues raised by the Incident; and (ii) provides documentation supporting how the claimed lost time was spent and how it was related to the Incident.  Claims for reimbursement of lost time may be combined with claims for Documented Out-of-Pocket Expenses and are subject to the $3,500.00 Documented Out-of-Pocket Expenses cap.

  To submit a claim for any amount of lost time, and if you received substitute notice of the Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023) you must also include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023.

- <u>Credit Monitoring</u>: With this Settlement, you can submit a claim for two years of credit monitoring protection services.

  If you received substitute notice of the Incident (i.e., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or

**NOTICE OF CLASS ACTION SETTLEMENT**

around September 15, 2023), you must also include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023.

- <u>Reimbursement for Documented Out-of-Pocket Expenses</u>: If you have incurred actual, unreimbursed expenses as a result of the cybersecurity Incident, you can make a claim for reimbursement for up to $3,500.00. Documented Out-of-Pocket Expenses include: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline for local travel; and/or (vii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between February 15, 2023 and the Claims Deadline. You must include documentation to support that the Out-of-Pocket Expenses were the result of the cybersecurity Incident.

  If you received substitute notice of the Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023.

**ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS.**
**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

## NOTICE OF CLASS ACTION SETTLEMENT

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| File a claim for Settlement Benefits | You must submit a claim form in order to receive any of the above-listed benefits.  Your claim form must include your Unique Class Member ID found on the postcard notice sent to you or available from the Settlement Administrator or, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023, you must include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023.<br><br>For more detailed information, see Question 9. | August 11, 2025 |
| Exclude yourself from the Settlement | You can exclude yourself from the Settlement by informing the Settlement Administrator that you want to "opt-out" of the Settlement.  If the Settlement becomes final, this is the only option that allows you to retain your rights to separately sue Defendant (or any Released Parties) for claims related to the cybersecurity Incident.  If you opt out, you may not make a claim for benefits under the Settlement.<br><br>For more detailed information, see Question 16. | July 11, 2025 |
| Object to or comment on the Settlement | You may object to the Settlement by writing to explain to the Court why you don't think the Settlement should be approved. If you object, you will remain a Settlement Class Member, and if the Settlement is approved, you will be eligible for the benefits of the Settlement and give up your right to sue Defendant (or any Released Parties) for claims related to the cybersecurity Incident, as described in the Settlement Agreement available on the Settlement website, www.SkidmoreSettlement.com.<br><br>For more detailed information, see Question 17. | July 11, 2025 |
| Do Nothing | If you do nothing, you will not be entitled to any of the above-listed benefits.  If the Settlement becomes final, you will give up your rights to sue Defendant (or any Released Parties) separately for claims relating to the cybersecurity Incident or to continue to pursue any such claims you have already filed. | |

These rights and options – **and how and when you need to exercise them** – are explained in this notice.

The Court that is presiding over this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

## NOTICE OF CLASS ACTION SETTLEMENT

### WHAT THIS NOTICE CONTAINS

**Basic Information**

1.  What is this notice, and why did I get it?

2.  What is this lawsuit about?

3.  Why is this a class action?

4.  Why is there a Settlement?

**Who is Part of the Settlement?**

5.  How do I know if I am part of the Settlement?

**The Settlement Benefits**

6.  What does the Settlement provide?

7.  How will the Settlement help me protect against future fraud?

**How do you Receive a Benefit?**

8.  How do I file a claim for Credit Monitoring, Documented Out-of-Pocket Expenses, or Attested Lost Time?

9.  How will claims be decided?

10.  When will I get my payment?

**Legal Rights Resolved Through the Settlement**

11.  What am I giving up as part of the Settlement?

**The Lawyers Representing You**

12.  Do I have a lawyer in this case?

13.  How will the lawyers be paid?

14.  Will the Settlement Class Representatives receive additional money?

**Excluding Yourself From The Settlement**

15.  How do I exclude myself from the Settlement?

**Objecting To The Settlement**

16.  How do I tell the Court that I like or do not like the Settlement Agreement?

**Getting More Information**

17.  How do I get more information?

## NOTICE OF CLASS ACTION SETTLEMENT

# BASIC INFORMATION

### 1. What is this notice, and why did I get it?

A Court authorized this notice to inform you how you may be affected by this proposed settlement. This notice describes the lawsuit, the general terms of the proposed settlement and what it may mean to you. This notice also explains how to participate in, or exclude yourself from, the Settlement if your information was potentially involved in the cybersecurity Incident.

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this settlement, see Question 5.

### 2. What is this lawsuit about?

This lawsuit involves claims that Defendant is responsible for a cybersecurity incident where an unauthorized actor gained access to Skidmore's network, deployed ransomware, and obtained unauthorized access to Skidmore's files system that was the subject of notices provided by Defendant in or around September 15, 2023 (the "Incident").

Defendant denies these claims and any wrongdoing. No court or other judicial entity has made any judgment or other determination of any wrongdoing by any Defendant.

### 3. Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." Because this is a class action settlement, even persons who did not file their own lawsuit can obtain benefits provided under the settlement, except for those individuals who exclude themselves from the settlement class by the deadline.

### 4. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement after arms-length settlement negotiations. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the settlement class. The class representatives appointed to represent the class and the attorneys for the settlement class ("Class Counsel," see Question 13) believe that the settlement is in the best interests of the Settlement Class Members.

# WHO IS PART OF THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are a Settlement Class Member if you reside in the United States and were notified in or around September 15, 2023, via either written or substitute notice, that your Private Information was potentially compromised as a result of the Incident discovered by Skidmore in February 2023.

## NOTICE OF CLASS ACTION SETTLEMENT

If you are not sure whether you are included in the settlement, you may contact the Settlement Administrator at 1-833-296-0880, by email info@SkidmoreSettlement.com, or by writing to Skidmore Settlement Administrator, PO Box 26170, Santa Ana, CA 92799 with questions.

## THE SETTLEMENT BENEFITS

| 6.  What does the Settlement provide? |
|---|

The Settlement provides:

- Reimbursement for Attested Lost Time addressing issues related to the cybersecurity Incident;

- Reimbursement for unreimbursed, Documented Out-of-Pocket Expenses;

- Two years of credit monitoring (Question 7);

- Payment of costs of notifying Settlement Class Members and administering the Settlement;

- Payment of attorneys' fees, costs, expenses, and service awards as approved by the Court (Question 14).

**Settlement Benefit: Reimbursement for Attested Lost Time**: Settlement Class Members who spent time researching or remedying issues related to the cybersecurity Incident or for any actions that were taken in response to receiving a Notice of Security Incident from Defendant can make a claim for reimbursement for up to 4 hours of time at a rate of $20.00/hour, but only if at least one (1) full hour was spent dealing with the Incident. Settlement Class Members may also seek reimbursement for up to four (4) additional hours if sufficiently documented (calculated at the rate of $20 per hour).

To claim reimbursement for up to 4 hours of Lost Time, you must represent that the time and/or effort spent was incurred as a result of the cybersecurity Incident.

If you received substitute notice of the cybersecurity Incident (i.e., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also submit non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant before February 15, 2023.

**Settlement Benefit: Reimbursement for Documented Out-of-Pocket Expenses**: Settlement Class Members that have Documented Out-of-Pocket Expenses as a result of the cybersecurity Incident can make a claim for reimbursement for up to $3,500.00. Out-of-Pocket Expenses that are eligible for reimbursement include the following: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline for local travel; and/or (vii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between February 15, 2023 and the Notice Date.

To claim reimbursement for Documented Out-of-Pocket Expenses, you must submit documentation supporting this claim, including, but not limited to credit card statements, bank statements, invoices, telephone records, and receipts.

If you received substitute notice of the cybersecurity Incident (i.e., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from

**NOTICE OF CLASS ACTION SETTLEMENT**

Defendant in or around September 15, 2023), you must also submit non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant before February 15, 2023.

**Settlement Benefit: Credit Monitoring**: You can submit a claim for two years of credit monitoring protection services. If you received substitute notice of the cybersecurity Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also submit non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant before February 15, 2023.

\* \* \*

The Settlement Administrator will decide if your claim is valid. Only Valid Claims will be paid/approved. The deadline to file a claim for Attested Lost Time, Documented Out-of-Pocket Expenses, and/or Credit Monitoring is **August 11, 2025**. **The amount of your claim may be reduced or increased depending on the total amount of claims.** *See* **Question 8.**

| 7. How will the Settlement help me protect against future fraud? |
|---|

Settlement Class Members can submit a claim for two years of credit monitoring protection. If you received substitute notice of the cybersecurity Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also submit non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant before February 15, 2023.

The deadline to file a claim for Credit Monitoring is **August 11, 2025**. If you submit a Valid Claim form and elect to enroll in Credit Monitoring, you will receive enrollment instructions by email after the settlement is final.

## HOW DO YOU RECEIVE A BENEFIT?

| 8. How do I file a claim for Credit Monitoring, Documented Out-of-Pocket Expenses, or Attested Lost Time? |
|---|

To file a claim for credit monitoring, reimbursement for Attested Lost Time, or Documented Out-of-Pocket Expenses, you will either need to file a Claim Form with your Unique Class Member ID, which can be found on the post-card notice you received or by contacting the Settlement Administrator. If you received substitute notice of the cybersecurity Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you do not need a Unique Class Member ID, but to file a claim for credit monitoring, reimbursement for Lost Time, or Out-of-Pocket Expenses, you must submit non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant before February 15, 2023. **The easiest way to submit a claim form is online, by filling out the form at www.SkidmoreSettlement.com.** You can also download a paper claim form and return a completed claim form by mail addressed to:
Skidmore Settlement Administrator,
PO Box 26170,

## NOTICE OF CLASS ACTION SETTLEMENT

Santa Ana, CA 92799

The deadline to file a claim is **August 11, 2025** (this is the last day to file online and the postmark deadline for mailed claims).

### 9.  How will claims be decided?

The Settlement Administrator will decide whether the information provided on each Claim Form is complete and valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner the claim will be considered invalid and will not be paid.

Valid Claims are those submitted in a timely manner and found to be valid by and in an amount approved by the Settlement Administrator.

### 10.  When will I get my payment?

The Court will hold a hearing on **August 11, 2025,** to decide whether to approve the Settlement Agreement.  If the Court approves the Settlement Agreement, there may still be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

## LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT

### 11.  What am I giving up as part of the Settlement?

If you make a claim under the Settlement, or if you do nothing, you will be releasing all of your claims relating to the cybersecurity Incident against Defendant and any Released Parties when the Settlement becomes final. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Defendant or any Released Parties for any harm related to the cybersecurity Incident or the claims alleged in the lawsuits—whether or not you are currently aware of those claims.

Unless you exclude yourself from the Settlement (see Question 15), all of the decisions by the Court will bind you. That means you will be bound to the terms of the Settlement and accompanying court orders, and cannot bring a lawsuit or be part of another lawsuit against Defendant or any Released Parties regarding the cybersecurity Incident.

Paragraph 6 of the Settlement Agreement defines the claims and parties that will be released by Settlement Class Members who do not exclude themselves from the Settlement. You can access the Settlement Agreement and read the specific details of the legal claims being released at www.SkidmoreSettlement.com.

If you have any questions, you can contact the Settlement Administrator (*see* Question 17).

## THE LAWYERS REPRESENTING YOU

### 12.  Do I have a lawyer in this case?

Yes.  The Court appointed William B. Federman of Federman & Sherwood, Philip J. Krzeski of Chestnut

## NOTICE OF CLASS ACTION SETTLEMENT

Cambronne PA, and John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC as Interim Co-Lead Class Counsel. You will not be charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel has undertaken this case on a contingency-fee basis, meaning they have paid for all of the expenses in the case and have not been paid any money in relation to their work on this case. Accordingly, Class Counsel will ask the Court to award them Attorneys' Fees, costs, and expenses. The Court will decide the amount of fees and costs and expenses to be paid. You will not have to separately pay any portion of these fees yourself. Class Counsels' request for Attorneys' Fees and Costs (which must be approved by the Court) will be filed by **July 28, 2025,** and will be available to view on the Settlement website at www.SkidmoreSettlement.com.

### 14. Will the Settlement Class Representatives receive additional money?

Subject to Court approval, Class Counsel will file a motion for approval of a service award in the amount of $2,000 to the named Plaintiffs (for a total payment of $4,000).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement?

If you are a member of the Settlement Class, you may exclude yourself from the Settlement (also known as "opting out"). If you exclude yourself, you will lose any right to participate in the Settlement, including any right to receive the benefits outlined in this notice.

If you decide on this option, you may keep any rights you have, if any, against Defendant, and you may file your own lawsuit against Defendant based upon the same legal claims that are asserted in this lawsuit, but you will need to find your own attorney at your own cost to represent you in that lawsuit. If you are considering this option, you may want to consult an attorney to determine your options.

**IMPORTANT:** You will be bound by the terms of the Settlement Agreement unless you submit a timely and signed written request to be excluded from the Settlement. To exclude yourself from the Settlement you must do so online at www.SkidmoreSettlement.com by **July 11, 2025,** or mail a "request for exclusion," postmarked no later than **July 11, 2025**, to:
Skidmore Settlement Administrator,
PO Box 26170,
Santa Ana, CA 92799
The statement must contain the following information:

  (i)   Identify the case name of the Litigation;
  (ii)  Identify the name and address of the individual seeking exclusion from the Settlement;
  (iii) Be personally signed by the individual seeking exclusion (or his/her parent or legal guardian, if a minor child);
  (iv)  Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

**NOTICE OF CLASS ACTION SETTLEMENT**

    (v)   Request exclusion only for that one individual whose personal signature appears on the request (or, in the case of a minor, the personal signature of the minor's parent or legal guardian appears on the request).

**If you do not comply with these procedures and the deadline for exclusions, you will lose any opportunity to exclude yourself from the Settlement, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court.**

## OBJECTING TO THE SETTLEMENT

> 16. How do I tell the Court that I like or do not like the Settlement Agreement?

If you are a Settlement Class Member, you have the right to tell the Court what you think of the Settlement. You can object to the Settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as it is.

To object, you must send a written objection stating that you object to the Settlement. Your objection must include:

    (i)   The case name and number of the Litigation;

    (ii)   The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

    (iii)   A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

    (iv)   A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

    (v)   A statement of the specific grounds for the objection; and

    (vi)   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

To be considered by the Court, your written objection must be filed electronically with the Court by **July 11, 2025,** or mailed, postmarked no later than **July 11, 2025,** to the following addresses:

## NOTICE OF CLASS ACTION SETTLEMENT

| COURT | DEFENDANT'S COUNSEL | LEAD CLASS COUNSEL |
|---|---|---|
| U.S. District Court<br>Northern District of New York<br>PO Box 7367<br>Syracuse, NY 13261 | **BAKER & HOSTETLER LLP**<br><br>Casie D. Collignon<br>1801 California Street, Suite 4400<br>Denver, CO  80202<br><br>and to:<br><br>Robyn M. Feldstein<br>45 Rockefeller Plaza<br>New York, NY  10111 | **FEDERMAN & SHERWOOD**<br><br>William B. Federman<br>10205 N. Pennsylvania Avenue<br>Oklahoma City, OK 73120<br><br>**CHESTNUT CAMBRONNE PA**<br><br>Philip J. Krzeski<br>100 Washington Avenue South, Suite 1700<br>Minneapolis, MN 55401<br><br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br><br>John J. Nelson<br>402 W. Broadway, Suite 1760<br>San Diego, CA 92101 |

**If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement. You will still be eligible to receive settlement benefits if the settlement becomes final even if you object to the settlement.**

The Court has scheduled a Final Approval Hearing to listen to and consider any concerns or objections from Settlement Class Members regarding the fairness, adequacy, and reasonableness of the terms of the Settlement Agreement. That hearing is currently scheduled to take place on **August 11, 2025, at 12:30pm E.T.** before the Honorable Mae Avila D'Agostino, at the United States District Court for the Northern District of New York located at the James M. Hanley Federal Building and U.S. Courthouse, 100 S. Clinton St., Syracuse, NY 13261. This hearing date and time may be moved and/or held remotely. Please refer to the Settlement website (www.SkidmoreSettlement.com) for notice of any changes.

## GETTING MORE INFORMATION

### 17.  How do I get more information?

If you have questions about this notice or the Settlement, you may go to the Settlement website at www.SkidmoreSettlement.com or call 833-296-0880.   You can also contact the Settlement Administrator by mailing a letter to the Settlement Administrator, Skidmore Settlement Administrator, PO Box 26170, Santa Ana, CA 92799, for more information or to request that a copy of this document be sent to you in the mail.  If you wish to communicate directly with Class Counsel, you may contact

## NOTICE OF CLASS ACTION SETTLEMENT

them.  You may also seek advice and guidance from your own private lawyer at your own expense if you wish to do so.

This notice is only a summary of the lawsuit and the Settlement.  Other related documents can be accessed through the Settlement website.  If you have questions about the proposed settlement or wish to receive a copy of the Settlement Agreement but do not have access to the Internet to download a copy online, you may contact the Settlement Administrator. The Court cannot respond to any questions regarding this notice, the lawsuit, or the proposed settlement.

***Please do not contact the Court, its Clerks, or Defendant.***

# EXHIBIT E

# CLAIM FORM FOR CYBERSECURITY INCIDENT BENEFITS

Skidmore Settlement Administrator
PO Box 26170
Santa Ana, CA 97299
www.SkidmoreSettlement.com

**Your Claim Form Must Be Submitted Electronically or Postmarked by August 11, 2025**

*Kobor, et al v. Skidmore College,*
*Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y.)*

**COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN AUGUST 11, 2025, AT WWW.SKIDMORESETTLEMENT.COM OR FILE BY MAIL POSTMARKED NO LATER THAN AUGUST 11, 2025.**

## I.  GENERAL INSTRUCTIONS

If you received a notice of this Settlement by U.S. mail, your Unique ID is on the envelope or postcard. If you misplaced your notice, please contact the claim administrator at 1-833-296-0880 or Skidmore Settlement Administrator, PO Box 26170, Santa Ana, CA 97299.

If you received substitute notice of the Incident (i.e., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Skidmore University on or around September 15, 2023), you must include along with your claim non-self-prepared documentation demonstrating that you were a student, former employee, or applicant before February 15, 2023.  If you do not include either a Unique ID or the documentation referenced above, your claim will be denied.

Reimbursement for Documented Out-of-Pocket Expenses: If you have incurred actual, unreimbursed expenses as a result of the cybersecurity Incident, you can make a claim for reimbursement for up to $3,500.00.  Out-of-Pocket Expenses include: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline for local travel; and/or (vii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between February 15, 2023 and the Notice Date. You must include documentation to support that the out-of-pocket expenses were the result of the cybersecurity Incident. If you received substitute notice of the Incident (i.e., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also include non-self-prepared documentation demonstrating that you were a student, employee, or applicant of Defendant prior to February 15, 2023

Reimbursement for Attested Lost Time: If you spent time addressing issues relating to the cybersecurity Incident, you can make a claim for reimbursement for up to 4 total hours of time at a rate of $20.00/hour, but only if at least one (1) full hour was spent dealing with the Incident. To submit a valid claim, you must represent that the time and/or effort spent was incurred as a result of the cybersecurity Incident. Settlement Class Members may also seek reimbursement for up to four (4) additional hours if sufficiently documented (calculated at the rate of $20 per hour).  Settlement Class Members may receive up to four (4) hours of additional lost time if the Settlement Class Member: (i) attests that any claimed lost time was spent responding to issues raised by the Incident; and (ii) provides documentation supporting how the claimed lost time was spent and how it was related to the Incident.  Claims for reimbursement of lost time may be combined with claims for documented out-of-pocket expenses and are subject to the same $3,500 cap. To submit a claim for any amount of lost time, and if you received substitute notice of the Incident (*i.e*., if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023) you must also include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of

Defendant prior to February 15, 2023.

<u>Credit Monitoring</u>: With this Settlement, you can submit a claim for two years of credit monitoring protection services. If you received substitute notice of the Incident (*i.e.*, if you believe your personal information was involved in the cybersecurity Incident but you did not receive written notice from Defendant in or around September 15, 2023), you must also include non-self-prepared documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023.

**ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF VALID CLAIMS.**

**<u>Failure to provide all required information will result in your claim being rejected by the Settlement Administrator.</u>**

## PART I. REGISTRATION

First Name:          MI:    Last Name:

Parent Or Legal Guardian Full Name (if submitting on behalf of a minor child):

Mailing Address:

City:                      State:    ZIP Code:

Telephone Number:

Email Address:

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## PART II. CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

   **1.  Did you receive a Unique ID indicating that you may be a member of the Settlement Class**?

☐ Yes    ☐ No

   **Please provide the Unique ID identified in the Postcard Notice that was mailed to you:**

   *If yes, continue to Question 3. If no, please proceed to Question 2.*

**Questions?  Visit www.SkidmoreSettlement.com or Call 1-833-296-0880**

**2. Do you believe you received substitute notice of the cybersecurity Incident**?

☐ Yes  ☐ No

> *If yes, you must submit documentation demonstrating that you were a student, former employee, or applicant of Defendant prior to February 15, 2023, and can continue to Section B. If no, you are not eligible to submit a claim.*

*Section B. Claim for Credit Monitoring*

**3.** Do you wish to receive two years of credit monitoring protection services? [Note: You must provide a valid email address above to receive this benefit.]

☐ ***Yes, I choose to receive two years of Identity Defense Total Credit Monitoring. (Please include your email on the previous page and proceed to Question 4.)***

*Section C. Claim for Attested Lost Time Reimbursement*

**4.** Did you spend time addressing issues related to the cybersecurity Incident?

☐ Yes  ☐ No

> *If yes, continue to Question 5. If no, please proceed to Question 6.*

**5.** If you selected "Yes" for Question 4, please fill out the below statement indicating how many hours you spent addressing issues related to the cybersecurity Incident.

> ***I spent _____ total hours addressing issues related to the cybersecurity Incident to be reimbursed at a rate of $20.00/hour.***

> *Reminder: If you are seeking compensation for more than 4 hours of lost time, you must include supporting documentation that is not self-prepared with this claim form. Failure to submit supporting documentation will result in your claim being rejected by the Settlement Administrator.*

*Section D. Claim for Reimbursement for Documented Out-of-Pocket Expenses*

**6.** Do you have documentation supporting that you experienced: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged by the amount of data used); (v) postage; (vi) gasoline for local travel; and/or (vii) credit monitoring or other identity theft monitoring purchased between February 15, 2023 and May 12, 2025. You may submit a claim, with supporting documentation, for up to $3,500.00 in Out-of-Pocket Expenses.

☐ Yes  ☐ No

> *If yes, Please complete the chart on pages 4-6, include your documentation, and then proceed to Certification and Signature. If no, you are not eligible to submit a claim for Out-of-Pocket expenses. Please proceed to Certification and Signature.*

**Questions? Visit www.SkidmoreSettlement.com or Call 1-833-296-0880**

| Expense Type (Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Bank fees incurred as a result the cybersecurity Incident *The description of the fees in the documentation must be specific enough to enable the settlement administrator to determine why the fees were incurred and you must explain why the fees were incurred as a result of the cybersecurity Incident.* | | | *Example: Account statement with fees incurred as a result of the cybersecurity Incident highlighted.* |
| ☐ Long distance phone charges incurred as a result of the cybersecurity Incident *You must explain who the calls were made to and why they were made as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific calls that you made as a result of the cybersecurity Incident.* | | | *Example: Phone bills with long distance telephone calls made as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the cybersecurity Incident.* |
| ☐ Cell phone charges (only if charged by the minute) incurred as a result of the cybersecurity Incident *You must explain who the calls were made to and why they were made as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific calls that you made as a result of the cybersecurity Incident.* | | | *Example: Cell phone bill with calls made as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the cybersecurity Incident.* |

**Questions?  Visit www.SkidmoreSettlement.com or Call 1-833-296-0880**

| Expense Type (Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Data charges (only if charged based on the amount of data used) incurred as a result of the cybersecurity Incident *You must explain what activities the data charges correspond to and why they were incurred as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific activities that incurred data charges that you undertook as a result of the cybersecurity Incident.* | | | *Example: Cell phone bill with data charges incurred as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the data charges are for and why they were incurred as a result of the cybersecurity Incident.* |
| ☐ Postage charges incurred as a result of the cybersecurity Incident *You must explain what you sent to incur the charges, to whom you sent it, and why you sent it as a result of the cybersecurity Incident.* | | | *Example: Receipts from the United States postal service or other shipping companies, along with an explanation of what you sent and why you sent it.* |
| ☐ Gasoline charges for local travel incurred as a result of the cybersecurity Incident *You are only entitled to claim reimbursement for the gasoline you used as a result of the cybersecurity Incident, which may be less than a full tank. You must describe where you drove, the distance you traveled, why the travel was connected to the cybersecurity Incident, and the portion of any gasoline receipt that you attribute to the trips that you made as a result of the cybersecurity Incident.* | | | *Example: Gasoline receipt for gasoline used driving to the police station to file a police report regarding the cybersecurity Incident.* |

**Questions?  Visit www.SkidmoreSettlement.com or Call 1-833-296-0880**

| Expense Type (Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Credit monitoring or other mitigating costs (such as costs associated with accessing, freezing, or unfreezing credit reports with any credit reporting agency) that were incurred on or after February 15, 2023 through the date of submission of this Claim Form | | | *Example: Receipts or account statements reflecting charges incurred to view a credit report.* |

### Section E. Certification and Signature

By submitting this Claim Form, I certify that I am a Settlement Class Member and am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments is true and correct. I do hereby swear (or affirm), under penalty of perjury, that the information provided above is true and accurate to the best of my knowledge and that any cash compensation or benefits I am claiming are based on losses or expenses I reasonably believe, to the best of my knowledge, were incurred as a result of the cybersecurity Incident.

I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced, depending on the type of claim and the determinations of the Settlement Administrator.

Please include your name in both the Signature and Printed Name fields below.

Signature: _____

Print Name: _____

Relationship to Settlement Class Member (if applicable): _____

Date: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE MAILED BY OR
RECEIVED ONLINE AT WWW.SKIDMORESETTLEMENT.COM
NO LATER THAN AUGUST 11, 2025**

**Questions?  Visit www.SkidmoreSettlement.com or Call 1-833-296-0880**

Skidmore Settlement Claim Form                                           Page 6 of 6

# EXHIBIT F

From: NoReply@SkidmoreSettlement.com
Subject: Settlement Notice Reminder - *Kobor, et al v. Skidmore College*
Body:

**Reminder:** The Deadline to file a claim is August 11, 2025. If you would like to receive benefits from this Settlement, you must file a claim before the deadline passes.

Unique ID: <<ClaimLoginID>>
PIN: <<ClaimLoginPIN>>

## LEGAL NOTICE

*Kobor, et al v. Skidmore College*
Northern District of New York
Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y)
**IF YOU WERE NOTIFIED OF A CYBERSECURITY INCIDENT IN OR AROUND SEPTEMBER 15, 2023 BY SKIDMORE COLLEGE, YOU MAY BE ELIGIBLE FOR BENEFITS FROM A CLASS ACTION SETTLEMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this notice carefully and completely.***

A proposed Settlement has been reached with Defendant Skidmore College ("Defendant") related to a cybersecurity incident (the "Incident"). The lawsuit, which is pending in the U.S. District Court for the Northern District of New York, alleges that Defendant did not adequately protect certain personal information. Defendant denies any wrongdoing. No judgment or determination of wrongdoing has been made.

***Who is Included?*** Records indicate you are included in this Settlement as a Class Member. The Class includes the U.S. residents who were notified in or around September 15, 2023, via either written or substitute notice, that their personal information may have been involved in the Incident.

***What does the Settlement Provide?*** The Settlement provides reimbursement for Attested Lost Time spent addressing issues related to the Incident (up to 4 hours at $20.00/hour, but only if at least one (1) full hour was spent addressing issues related to the Incident), reimbursement for Documented Out-of-Pocket Expenses related to the Incident (up to $3,500.00 per person), and two years of credit monitoring; attorneys' fees and expenses; and Costs of Notice and Claims Administration.

ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF VALID CLAIMS.

***How To Get Benefits:*** You must submit a claim form, including any required documentation. The deadline to file a Claim Form is **August 11, 2025**. You can easily file a claim online at www.SkidmoreSettlement.com. You can also get a paper claim form at the website or by calling toll free 1-833-296-0880, and file by mail. When filing your claim use your Unique ID and PIN (listed on the top of this notice).

***Your Other Options:*** If you file a Claim Form, object to the Settlement and/or attorneys' fees and expenses, or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by

all orders of the Court and you will not be able to start, continue, or be part of any other lawsuit against Defendant arising out of the Incident. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **July 11, 2025**. If you do not exclude yourself, you may object to the Settlement and/or attorneys' fees and expenses by **July 11, 2025.** The Court has scheduled a hearing in this case for **August 11, 2025**, to consider whether to approve the Settlement and attorneys' fees and expenses, as well as any objections.

For complete information about all of your rights and options, as well as claim forms, the Long Form Notice and Settlement Agreement, visit www.SkidmoreSettlement.com or call 1-833-296-0880.

# EXHIBIT G



# Opt-Out Form

## Claimant information

To complete your Exclusion Request Form, please fill out this form completely, upload your exclusion request, and sign below.

First Name *
Judith

Last Name *
Stephens

Address 1 *
4305 WAGON TRAIL CIR

Address 2

City *
WICKENBURG

State *
Arizona

Zip Code *
85390

Phone *
(528)-893-0197

Email *
jstephen@skidmore.edu

protected by **reCAPTCHA**

Privacy - Terms

## Supporting Documentation

339299 05-29-2025

Please upload a copy of your request for exclusion. Your exclusion request must include the following elements to be complete:

1. Identify the case name of the Litigation (*Kobor, et al v. Skidmore College*, Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y.))
2. Identify the name and address of the individual seeking exclusion from the Settlement;
3. Be personally signed by the individual seeking exclusion (or his/her parent or legal guardian, if a minor child);
4. Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and
5. Request exclusion only for that one individual whose personal signature appears on the request (or, in the case of a minor, the personal signature of the minor's parent or legal guardian appears on the request).

**UPLOAD DOCUMENTS**

Choose File

Required

IMPORTANT NOTES:

- The document uploader will only accept the following file types: .pdf, .png, and .jpeg.
- If you have questions or concerns, please contact the Settlement Administrator at info@SkidmoreSettlement.com

## Certification & Signature

By signing below, I understand that by submitting this request for exclusion that I will not be bound by the terms of the Settlement, and that I will not receive any benefits.

Signature *

*Judith P. Stephens*

Signature required

Date *
05/22/2025

**SUBMIT**

Visit this website often to get the most up-to-date information.
Questions? Contact the Settlement Administrator at
info@SkidmoreSettlement.com or 833-296-0880.

© 2025 - Simpluris All rights reserved

*simpluris*    Privacy Policy

339299 05-29-2025

The case name: *Kobor, et al v. Skidmore College*, Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y.)

Name of the individual seeking exclusion from the Settlement: Junko Ueno
Address: 913 Vrooman Ave, Niskayuna, NY 1230

This is Junko Ueno, and it is my intent to be excluded from the Settlement. I request exclusion only for myself whose personal signature appears on this request.

Thank you.

Junko Ueno

## EXCLUSION REQUEST

Re:  *Kobor, et al v. Skidmore College*, Case No. 1:23-cv-01392-MAD-DJS (N.D.N.Y.)

Exclusion requested for:

      Eileen Young

      47 Bunker Blvd.

      Palmyra, VA  22963

I am sending this to request that I, the above referenced person,  be excluded from settlement in the Kobor, et al v Skidmore College case.

Regards,

Eileen Young