UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER KOBOR, individually and on behalf
of all others similarly situated,

        **Plaintiff,**

 vs.               1:23-CV-1392
                      (MAD/DJS)
SKIDMORE COLLEGE,

        **Defendant.**
_____

MARY COGAN, individually and on behalf
of all others similarly situated,

        **Plaintiff,**

 vs.               1:23-CV-1409
                      (MAD/DJS)
SKIDMORE COLLEGE,

        **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530<br>Attorneys for Plaintiff Peter Kobor | **RANDI A. KASSAN, ESQ.** |
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>402 W. Broadway - Suite 1760<br>San Diego, California 92101<br>Attorneys for Plaintiffs | **JOHN J. NELSON, ESQ.** |
| **CHESTNUT CAMBRONNE PA**<br>100 Washington Avenue South - Suite 1700<br>Minneapolis, Minnesota 55401<br>Attorneys for Plaintiffs | **PHILIP J. KRZESKI, ESQ.** |

1

| | |
|---|---|
| **FEDERMAN & SHERWOOD** | **WILLIAM B. FEDERMAN, ESQ.** |
| 10205 N. Pennsylvania Avenue | |
| Oklahoma City, Oklahoma 73120 | |
| Attorneys for Plaintiff Mary Cogan | |
| | |
| **BAKER & HOSTETLER LLP** | **CASIE D. COLLIGNON, ESQ.** |
| 1801 California Street - Suite 4400 | |
| Denver, Colorado 80202 | |
| Attorneys for Defendant | |
| | |
| **BAKER & HOSTETLER LLP** | **ROBYN M. FELDSTEIN, ESQ.** |
| 45 Rockefeller Plaza - 17th Floor | |
| New York, New York 10111 | |
| Attorneys for Defendant | |

**Mae. A. D'Agostino, U.S. District Judge:**

**FINAL APPROVAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' (1) UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

## I.  INTRODUCTION

**WHEREAS**, on March 28, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Dkt. No. 40) of the Settlement between (a) the Settlement Class Representatives, on behalf of themselves and the Settlement Class; and (b) Defendant Skidmore College ("Skidmore" or "Defendant") (collectively, the "Parties"), which was previously filed with the Court (Dkt. No. 39-2) as an attachment to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

**WHEREAS**, on May 12, 2025, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class Members were apprised

---

[1] The capitalized terms used in this Order (the "Final Approval Order and Judgment") shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

**WHEREAS**, this matter is before the Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement (Dkt. No. 42), Plaintiffs' unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards to Class Representatives (Dkt. No. 43), and Plaintiffs' Supplement to Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Dkt. No. 45) (hereinafter, the "Motions");

**WHEREAS**, on August 11, 2025, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Consolidated Complaint with prejudice;

**WHEREAS**, prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  And the Court, therefore, is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of Attorneys' Fees and Expenses;

**NOW, THEREFORE**, having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for Attorneys' Fees and Expenses, having reviewed the materials in support thereof, and good cause appearing, for the reasons set

forth in the Motions, as well as the reasons articulated by the Court herein and on the record at the Final Fairness Hearing on August 11, 2025, **IT IS HEREBY ORDERED** that:

    1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

    2.    The Settlement was entered into in good faith following arms' length negotiations and is non-collusive.

    3.    The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. *See* Fed. R. Civ. P. 23(e). The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (setting forth complementary factors to be considered in conjunction with Rule 23(e)).

    4.    The Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

    5.    The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have

the full force of an Order of this Court.

6.  The Parties shall effectuate the Settlement in accordance with its terms.

## II. OBJECTIONS AND OPT-OUTS

7.  No objections were filed by Settlement Class Members.

8.  All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.  A list of those putative individuals who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement Agreement (the "Opt-Out Members") has been submitted to the Court as Exhibit G to the Declaration of Anne-Marie Marra, dated July 25, 2025, filed in advance of the Final Approval Hearing (hereinafter, "Exhibit G"). *See* Dkt. No. 42-2 at 41-46.  That list is incorporated by reference into this Final Approval Order and Judgment.  The persons and/or entities listed in Exhibit G are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement.  Opt-Out Members listed in Exhibit G shall be deemed not to be Releasing Parties.

## III. CLASS CERTIFICATION

10.  For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons residing in the United States who were notified in or around September 15, 2023, via written notice, that their PII may have been involved in the Incident.  The Settlement Class specifically excludes: (i) Defendant Skidmore University and its employees, officers, directors, affiliates, parents, subsidiaries, and any entity in which Defendant has a whole or partial ownership of financial interest; (ii) all individuals who make a timely election to be excluded from this Settlement using the correct protocol for opting out; (iii) any counsel and their respective staff appearing in

    this matter; and (iv) all judges assigned to hear any aspect of this
    litigation, their immediate family members, and their respective
    court staff.

  11.  The Court determines that, for settlement purposes, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

  12.  The Court grants final approval to the appointment of Plaintiffs Peter Kobor and Mary Cogan as the Settlement Class Representatives.  The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

  13.  The Court grants final approval to the appointment of William B. Federman of Federman & Sherwood, Philip J. Krzeski of Chestnut Cambronne PA, and John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.  The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

### IV. NOTICE TO THE SETTLEMENT CLASS

  14.  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class

for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution and all other applicable laws. *See* Fed. R. Civ. P. 23(c)(2)(B).

15. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### V. AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND SERVICES AWARDS TO PLAINTIFFS

16. The Court has considered Class Counsel's unopposed Motion for Attorneys' Fees and Expenses.

17. The Court awards Class Counsel $195,000 as an award of attorneys' fees, costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid by Skidmore separate and apart from any benefits provided to Settlement Class Members and the costs of notice and Claims Administration. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

18. The Court awards each of the named Plaintiffs a service award in the amount of $2,000 (for a total payment of $4,000).

19. Skidmore shall pay the attorneys' fees, costs, expenses, and service awards to Plaintiffs within twenty-one (21) days after the date this Final Approval Order and Judgment is entered.

20. Skidmore shall pay the Costs of Claims Administration, costs for notice to the

Settlement Class, and costs of dispute resolution, pursuant to the terms of the Settlement Agreement.

## VI. OTHER PROVISIONS

21.     The Parties to the Settlement shall carry out their respective obligations thereunder.

22.     Within the time set forth in the Settlement Agreement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

23.     As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement Agreement.

24.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any

liability, negligence, fault, breach of duty, or wrongdoing of Defendant; ***provided, however***, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

25. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the total value of the Settlement.

26. The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

27. The Court hereby dismisses the Action and the Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

28. Consistent with Paragraph 9.2 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order

and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

29. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

30. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

Dated: August 12, 2025
     Albany, New York

_Mae A. D'Agostino_
U.S. District Judge